UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

FULLER SABRINA,

Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE
OFFICERS JOHN DOES 1 through 10, Individually,
and in their official capacities (the name, John Doe,
being fictitious, as the true names are presently
unknown),

Defendants.
-----------------------------------------------------------------x

**STIPULATION OF**
**SETTLEMENT AND ORDER OF**
**DISMISSAL**

11-CV-5229 (KAM) (JMA)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about

October 28, 2011, alleging that the defendants violated plaintiff's federal civil and state common

law rights; and

**WHEREAS,** defendant City of New York has denied any and all liability arising

out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized her counsel, Robert Marinelli, to settle this

matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by

and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed against defendant City of

New York, with prejudice, and without costs, expenses, or attorneys' fees in excess of the

amount specified in paragraph "2" below.

2.     Defendant City of New York hereby agrees to pay plaintiff Sabrina Fuller the sum of Nine-Thousand ($9,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant, City of New York, and to release the defendant, City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens.  If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendant, City of New York, that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other

2

rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.     Plaintiff agrees to hold harmless defendant, City of New York, regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant, City of New York, reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        April 13, 2012

Law Office of Robert Marinelli
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, NY  10007
(212) 822-1427


By: _____
      Robert  Marinelli
      *Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendant City*
100 Church Street, Rm. 3-211
New York, New York 10007


By: _____
      Mark S. Mixson
      *Assistant Corporation Counsel*

SO ORDERED:

         s/KAM

_____
HON. KIYO A.  MATSUMOTO
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
     June 19    , 2012

4